CASE NO. 22-12675

# In the United States Court of Appeals for the Eleventh Circuit

PRIDE OF ST. LUCIE LODGE 1189, INC., and
TEAIRA NICOLE REED,

*Defendants/Appellants*,

v.

KINSALE INSURANCE COMPANY,

*Plaintiff/Appellee*.

---

APPELLEE KINSALE INSURANCE COMPANY'S MOTION
FOR CERTIFICATION OF QUESTION TO FLORIDA SUPREME COURT OR,
ALTERNATIVELY, FOR SUPPLEMENTAL BRIEFING ON THE ISSUE

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA, CASE NO. 2:21-CV-14053

---

SINA BAHADORAN
AARON WARREN
CLYDE & CO. US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131

*Counsel for Appellee*

EDWARD G. GUEDES
JEREMY S. ROSNER
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
2800 Ponce de Leon Blvd.
Suite 1200
Coral Gables, Florida 33134

*Counsel for Appellee*

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 27-1(a)(9), Kinsale Insurance Company provides this certificate of interested persons and corporate disclosure statement:

1. Bahadoran, Sina, counsel for Appellee
2. Blecke, James C., counsel for Appellant
3. Christ, Matthew T., counsel for Appellant
4. Clyde & Co US, LLP, law firm for Appellee
5. Cunningham, Fred A., counsel for Appellant
6. Domnick Cunningham & Whalen, law firm for Appellant
7. Guedes, Edward G., counsel for Appellee
8. Haggard, Michael A., counsel for Appellant
9. Kinsale Capital Group, Inc. is a publicly held corporation that owns 100% of Kinsale Insurance Company
10. Kinsale Insurance Company, Appellee
11. Lever, Daniel R., counsel for Appellee
12. Maynard, Hon. Shaniek M., Magistrate Judge
13. Moore, K. Michael, District Judge
14. Podhurst Orseck, P.A., counsel for Appellant
15. Pride of St. Lucie Lodge 1189, Inc., Appellant

16. Reed, Teaira Nicole, Personal Representative of the Estate of Tanya Renee Oliver, Appellant

17. Rosenthal, Stephen F., counsel for Appellant

18. Rosner, Jeremy S., counsel for Appellee

19. The Haggard Law Firm, P.A., law firm for Appellant

20. Warren, Aaron, counsel for Appellee

21. Weiss Serota Helfman Cole & Bierman, P.L., law firm for Appellee

                                                  *Edward G. Guedes*
                                                  Edward G. Guedes

## INTRODUCTION

On appeal, the parties primarily dispute whether, during appellee Kinsale Insurance Company's ("Kinsale") investigation of the underlying claim, liability for Kinsale's insured (appellant, Pride of St. Lucie Lodge 1189, Inc., hereafter, the "Lodge"), was "clear," such that Kinsale would have had a duty to initiate settlement negotiations pursuant to *Harvey v. GEICO Gen. Ins. Co.*, 259 So. 3d 1 (Fla. 2018), which adopted the doctrine first announced in *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12 (Fla. Dist. Ct. App. 1991).[1] At oral argument, the Panel, noting the lack of guidance from the Florida Supreme Court or the district courts of appeal on the meaning of "clear liability" in this context, considered a course of action that was not mentioned in the parties' briefing: Should the question of law be certified to the Florida Supreme Court? *See* Oral Arg. Tr. 4:52–5:05, 25:45–26:55, 43:30–43:45.

Both parties expressed at least initial reservation to certifying a question. In responding to this point, Kinsale responded that the Court should follow the lead of the district court in *Welford v. Liberty Ins. Co.*, 109 F. Supp. 3d 1085, *aff'd*, 713 F. App'x 969 (11th Cir. Nov. 29, 2017), and adopt the ordinary meaning of "clear" as "free from doubt; sure. Unambiguous." Oral Arg. Tr. 43:55–44:02.[2] In contrast, the

---

1   In the interest of brevity, Appellee will not regurgitate its arguments or those of appellants, and instead refers the Court to the parties' briefing.

2   In its answer brief, Kinsale also directed the Court's attention to *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 681 (Fla. 2004), "a case of clear, if not aggravated, liability."

Lodge argued in favor of a definition based on "obviously potential liability," noting *Powell*'s citation to a New Jersey decision. *Id.* at 4:12–4:45.[3]

Upon further reflection and because of the significance of this issue to this matter and the entire insurance industry in the State of Florida, Kinsale believes it would be prudent to certify one or more questions to the Florida Supreme Court to provide greater clarity of this uniquely state law issue, namely, the application of the *Powell* doctrine, particularly after *Harvey*.[4]

Kinsale recognizes that—in light of the current posture of the appeal and the absence of an express invitation from the Court to submit additional briefing—in order for it to supply the Court with its position, it may need to obtain leave of Court. *See* § 5, I.O.P., 11th Cir. R. 28-1 (stating that after a party seeks leave of court, the court may, "particularly after an appeal is orally argued…, call for supplemental briefs on specific issues"). Hence, Kinsale's alternative request herein for leave to brief this point.

## MOTION TO CERTIFY QUESTIONS

Certification is warranted where the Florida Supreme Court's input on a nebulous issue would "help[] save time, energy, and resources and produce[] authoritative answers to novel or unsettled questions of state law." *Somers v. United*

---

[3] Both appellants indicated, upon consultation by the undersigned, that they intend to oppose certification.

[4] At oral argument, the Lodge acknowledged that "Florida courts have not articulated what th[e] two words mean, clear liability, or where liability is clear." Oral Arg. Tr. 2:20–2:31.

*States*, 15 F.4th 1049, 1056 (11th Cir. 2021) (quotations omitted). "When faced with substantial doubt on a dispositive state law issue, [the] better option[]," according to the Court, "is to certify the question to the state supreme court." *In re NRP Lease Holdings, LLC*, 20 F.4th 746, 758 (11th Cir. 2021) (quotations omitted). This Court has unapologetically "employed the certification procedure more than any other circuit." *Pittman v. Cole*, 267 F.3d 1269, 1290 (11th Cir. 2001); *see also Royal Capital Dev., LLC v. Maryland Cas. Co.*, 659 F.3d 1050, 1055 (11th Cir. 2011) (stating that the Court "has been less reluctant than others to certify questions of state law"). And this Court's vigor towards certification has not been diminished when faced with questions of law that deal with insurance. *See, e.g.*, *Mosquito Control Dist. of Florida v. Coregis Ins. Co.*, 281 F.3d 1207, 1208 (11th Cir. 2002) (certifying a question to the Florida Supreme Court dealing with the meaning of certain terms in an insurance policy); *Anderson v. Auto-Owners Ins. Co.*, 172 F.3d 767, 770 (11th Cir. 1999) (certifying to the Florida Supreme Court the issue of whether two separate vehicles involved in a single accident constitutes one or two occurrences for purposes of an insurance policy payout); *Life Ins. Co. of Va. v. Shifflet*, 370 F.2d 555, 556 (5th Cir. 1967) (certifying a question regarding the proper construction of a statute within the Florida Insurance Code to the Florida Supreme Court).[5]

This appeal similarly raises important questions of Florida insurance law that warrant certification to the Florida Supreme Court. The questions of law in this case

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

satisfy Florida's certification requirements, and the circumstances on appeal weigh in favor of the Court exercising its discretion to certify. As such, the Court should certify the questions of law proposed herein to the Florida Supreme Court.

### A. Florida's certification requirements are satisfied.

Under Florida appellate procedure, one or more questions of law may be certified to the Florida Supreme Court if the answer is determinative of the cause and there is no controlling precedent from the Florida Supreme Court. § 25.031, Fla. Stat.; Fla. R. App. P. 9.150(a); *see also Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1349 (11th Cir. 2019). Given that the district court's granting of summary judgment turned on whether the Lodge, as the insured, was "clear[ly]" liable under the circumstances, the parties do not appear to dispute that answering this question of law one way or another will determine the outcome of the case. *Compare* In. Br. 40 (arguing that "[t]he term 'clear' is best understood as a form of confidence interval … greater than a mere preponderance of the evidence but less than beyond a reasonable doubt"), *with* A. Br. 40 (urging that the term "clear" instead "means some percentage of fault close to 100%").

Regarding the other criterion of certification—whether there is clear, controlling precedent from the Florida Supreme Court on the question of law— although both parties rely on various federal and state court decisions that provide some guidance of when liability may be deemed "clear," *see Welford*, 190 F. Supp. 3d at 1098; *Rova Farms Resort, Inc. v. Investors Ins. Co.*, 323 A.2d 495 (N.J. 1974), the Florida Supreme Court has yet to follow suit. Even in *Berges*, the Florida

Supreme Court did not squarely address the question of what standard governs the determination of "clear" liability under *Powell*. 896 So. 2d at 677, 681 (citing *Powell*, but not addressing the proper application of the doctrine in case of "clear, if not aggravated, liability" where insured was "determined [by the insurer] to be one hundred percent at fault for the accident"). Due to the absence of clear, controlling authority on the meaning of when liability is "clear" under *Powell*, the Court may certify a question of law to the Florida Supreme Court pursuant to Florida Rule of Appellate Procedure 9.150(a).

### B. The circumstances of this appeal favor certification.

Though the Court may refrain from certifying an issue even when Rule 9.150(a)'s criteria are established, the circumstances surrounding this appeal demonstrate that certification is justified. *See Dream Defs. v. Gov'r of the State of Fla.*, 57 F.4th 879, 894 n.7 (11th Cir. 2023) (declining to "adopt[] a bright-line rule" regarding certification and opting instead for a discretionary standard). Indeed, the Court considers "many factors" in assessing whether to certify. *State of Fla. ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274 (5th Cir. 1976); *see also Royal Capital Dev., LLC*, 659 F.3d at 1055 (considering the *Exxon Corp.* factors in deciding to certify a question of law to a state supreme court). Among them, "[t]he most important are the closeness of the question and the existence of sufficient sources of state law—statutes, judicial decisions, attorney general's opinions—to allow a principled rather than conjectural conclusion." *Exxon Corp.*, 526 F.2d at 274–75. A third factor to be considered is the "degree to which considerations of comity are

5
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

relevant in light of the particular issue and case to be decided." *Id*. at 275. This factor considers the "likelihood of the recurrence of the particular legal issue." *Id*. at 275, n.29.

The *Exxon Corp.* factors weigh in favor of certification in this appeal. *First*, even though the Court's decision in *Welford* should be the prevailing view of what "clear" means (as Kinsale believes), there are admittedly other decisions that appellants rely on, and the Court noted at oral argument, which interpret the term "clear" differently, thus rendering the proper meaning of the term a "close call." Though decisions within this circuit—including some from this Court—have issued rulings addressing when liability is clear, none of them has articulated a governing standard for courts to apply when determining whether liability is so "clear" that it triggers *Powell*'s duty to initiate settlement negotiations.[6] Even if they did, as observed by the Florida Supreme Court in *Harvey*, "[f]ederal case law interpreting

---

[6] As Kinsale noted during oral argument, the vast majority of decisions in which *Powell* has been invoked or addressed involve scenarios where the insurer had *already* determined that its insured was clearly at fault. *See, e.g.*, *Ilias v. USAA Gen. Indemn. Co.*, 61 F.4th 1338, 1341 (11th Cir. 2023); *Deary v. Progressive Am. Ins.*, No. 21-11878, 2022 WL 2916358 (11th Cir. July 25, 2022); *Ellis v. GEICO Gen. Ins.*, No. 21-12159, 2022 WL 454176, *2 (11th Cir. 2022); *Pelaez v. GEICO*, 13 F.4th 1243, 1246 (11th Cir. 2021); *Aldana v. Progressive Am. Ins. Co.*, 828 F. App'x 663, 664 (11th Cir. Oct. 1, 2020); *Bannon v. GEICO Gen. Ins. Co.*, No. 15-22524, 2016 WL 8740227 (S.D. Fla. Nov. 7, 2016), *aff'd*, 743 F. App'x 311 (11th Cir. July 20, 2018). *Cf. Am. Builders Ins. Co. v. Southern-Owners Ins. Co.*, 71 F.4th 847 (11th Cir. 2023) (affirming jury's verdict where evidence was insurer "did little to nothing for months" and refused to pay anything, even though two other insurers tendered policy limits).

[Florida's] bad faith precedent does not always hit the mark." 259 So. 3d at 7. This factor, therefore, weighs in favor of certification.

*Second*, there is a lack of sources of Florida law that provide assistance in interpreting when liability is "clear" under *Powell*. In *Powell*, itself, Florida's Third District Court of Appeal did not assign a threshold percentage of likelihood or otherwise opine on the circumstances that would render an insured's liability to be "clear," even though the insurer had internally determined liability at 80-100 percent and placed the policy limits in reserve. 584 So. 2d at 13. In *Harvey*, the Florida Supreme Court declined to establish a clear test or provide percentage guidance, perhaps because the insurer had resolved liability against its insured within two days of the accident. 259 So. 3d at 4. All in all, there does not appear to be any Florida state precedent, statute, or other authority that specifies the standard to apply in determining whether liability is "clear" for purposes of *Powell*.

As revealed by the Court's multiple questions to both parties at oral argument concerning the meaning of the term "clear," there exists "substantial doubt" regarding the proper answer to this question of law.[7] Because certification will "avoid[] the unnecessary practice of [the Court] guessing the outcome under [Florida] law," *see Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003), this factor weighs in favor of certification.

---

[7] For example, Judge Lagoa questioned whether the existence of a viable affirmative defense necessarily precluded a finding that liability was clear. Oral Arg. Tr. at 3:20–4:13, 5:45–6:50, 25:05–25:58, 44:13–44:50.

And *third*, as the Panel remarked at oral argument, the issue of when liability is "clear" is a recurring issue in Florida state and federal courts. Oral Arg. Tr. 4:52–5:05 (stating that this question of law is "not going to go away"). Without an answer from the Florida Supreme Court on this open-ended question of law, courts and parties throughout Florida will continue to experience difficulty and frustration in understanding when an insured should have an affirmative duty to initiate settlement negotiations. This factor militates in favor of certification. On balance, the *Exxon Corp.* factors establish that the Court should exercise its discretion to certify the below-framed questions of law to the Florida Supreme Court.[8]

---

[8] There exists one additional *Exxon Corp.* factor—the "practical limitations of the certification process[, such as] delay and possible inability to frame the issue[s] so to produce a helpful response on the part of the state court"—that also weighs in favor of certification. *See* 526 F.2d at 275. As exemplified below and by the Court's questions at oral argument, there does not appear to be any problem in framing the questions of law at issue to elicit a helpful response from the Florida Supreme Court. Nor does there seem to be any unreasonable delay that would result by certifying the above questions of law that might pose a strong deterrent to certification. On the contrary, the amount of delay that would be brought on by certification is easily counteracted by the amount of time courts across the State of Florida—including this Court—will save in resolving this hotly litigated issue. This factor, too, weighs in favor of certification.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

C.   **Proposed certified questions.**

Kinsale respectfully suggests to the Court that the following questions be certified to the Florida Supreme Court:

**(1) What is the appropriate standard for determining whether "liability is clear" to trigger an insurer's affirmative duty to initiate settlement negotiations under *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. Dist. Ct. App. 1991), later adopted by this Court in *Harvey v. GEICO General Ins. Co.*, 259 So. 3d 1, 7 (Fla. 2018)?**

**(2) To what extent, if any, is the percentage of fault attributed to the insured by the jury in the underlying case relevant to whether "liability is clear" under a "totality of the circumstances" inquiry under *Harvey v. GEICO General Ins. Co.*, 259 So. 3d 1, 7 (Fla. 2018)?**

Respectfully submitted,

| | |
|---|---|
| SINA BAHADORAN, ESQ. | EDWARD G. GUEDES, ESQ. |
| Florida Bar No. 523364 | Florida Bar No. 768103 |
| AARON WARREN, ESQ. | JEREMY S. ROSNER, ESQ. |
| Florida Bar No. 96162 | Florida Bar No. 1018158 |
| CLYDE & CO US LLP | WEISS SEROTA HELFMAN |
| 1221 Brickell Avenue | COLE & BIERMAN, P.L. |
| Suite 1600 | 2800 Ponce de Leon Blvd. |
| Miami, Florida 33131 | Suite 1200 |
| T. (305) 446-2646 | Coral Gables, FL 33134 |
| Sina.bahadoran@clydeco.us | T. (305) 854-0800 |
| Aaron.warren@clydeco.us | eguedes@wsh-law.com |
| | jrosner@wsh-law.com |
| | szavala@wsh-law.com |

*Counsel for Appellee*

By:   /s/ *Edward G. Guedes*
            Edward G. Guedes

# CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Fed. R. App. P. 32(g)(1), this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,407 words, excluding the exempt parts. Further, I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

*/s/ Edward G. Guedes*
Edward G. Guedes
Florida Bar No. 768103

# CERTIFICATE OF SERVICE

I certify that the foregoing motion was filed electronically on December 20, 2023, through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served on the same day.

*/s/ Edward G. Guedes*
Edward G. Guedes
Florida Bar No. 768103