IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 22-12675

KINSALE INSURANCE COMPANY, :

   Plaintiff/Appellee, :

vs. :

PRIDE OF ST. LUCIE LODGE 1189, :
INC., et al.,
                                      :

   Defendant/Appellants.
_____ :

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Kinsale Insurance Company v. Pride of St. Lucie etc., et al.
Case No. 2:21-cv-14053-KMM

REED'S RESPONSE IN OPPOSITION TO
KINSALE'S MOTION FOR CERTIFICATION

James C. Blecke
Counsel for Reed
The Haggard Law Firm
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone (305) 446-5700
Facsimile (305) 446-1154
jcb@haggardlawfirm.com

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

| | |
|---|---|
| Bahadoran, Sina | Counsel for Kinsale Insurance |
| Blecke, James C. | Counsel for Teaira Nicole Reed |
| Christ, Matthew T. | Counsel for Pride of St. Lucie Lodge |
| Clyde & Co US LLP | Counsel for Kinsale Insurance |
| Cunningham, Fred A. | Counsel for Pride of St. Lucie Lodge |
| Domnick Cunningham & Raffa | Counsel for Pride of St. Lucie Lodge |
| Guedes, Edward G. | Counsel for Kinsale Insurance |
| Haggard, Michael A. | Counsel for Teaira Nicole Reed |
| Kinsale Insurance Company | Plaintiff |
| Moore, Hon. K. Michael | U.S. District Court Judge |
| Podhurst Orseck, P.A. | Counsel for Pride of St. Lucie Lodge |
| Pride of St. Lucie Lodge 1189, Inc. | Defendant/Counterclaimant |
| Reed, Teaira Nicole, as Personal Representative of the Estate of Tanya Renee Oliver | Defendant/Counterclaimant |
| Rosenthal, Stephen F. | Counsel for Pride of St. Lucie Lodge |
| The Haggard Law Firm, P.A. | Counsel for Teaira Nicole Reed |
| Warren, Aaron | Counsel for Kinsale Insurance |
| Weiss Serota Helfman, et al., P.L. | Counsel for Kinsale Insurance |

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 22-12675

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | : |
| Plaintiff/Appellee, | : |
| vs. | : |
| PRIDE OF ST. LUCIE LODGE 1189, INC., et al., | : |
| | : |
| Defendant/Appellants. | |
| _____ | : |

## RESPONSE

Certification is unnecessary. "This clearly is not a case in which we are required to 'guess' state law from one or two questionable precedents." *State of Florida ex rel. Shevin v. Exxon Corporation*, 526 F.2d 266, 275 (5th Cir. 1976).

Existing Florida case law presents a full palette of applicable decisional precedent. An unbroken line of state and federal authority says: "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." E.g. *Berges v. Infinity Insurance Company*, 896 So.2d 665, 680 (Fla. 2005).

*Harvey v. GEICO General Insurance Company*, 259 So.3d 1, 6-7 (Fla. 2018), reaffirmed and reinforced four decades of bad faith law in Florida:

> The obligations set forth in *Boston Old Colony* are not a mere checklist. . . . Rather, the critical inquiry in a bad faith (sic) is whether the insurer diligently, and with the same haste and precision as if it were in the insured's shoes, worked on the insured's behalf to avoid an excess judgment. "[T]he question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." Further, it is for the jury to decide whether the insurer failed to "act in good faith with due regard for the interests of the insured." [citations omitted].

Nothing in *Harvey* says an insurer is absolved of all bad faith exposure in a checklist absence of clear liability. *Harvey* says: "[T]he question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Id*.

*Powell* says: "Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause." (584 So.2d at 14). The Fourth District cites and relies on *Powell*, in *Goheagan v. American Vehicle Insurance Company*, 107 So.3d 433 (Fla. 4th DCA 2013):

> "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges,* 896 So.2d at 680 (Fla.2004) (citing *State Farm Mut. Auto. Ins. Co. v. Laforet,* 658 So.2d 55, 63 (Fla.1995)). "Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause." *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So.2d 12, 14 (Fla. 3d DCA 1991).

3

The Second District in *Gutierrez v. Yochim*, 23 So.3d 1221, 1226 (Fla. 2d DCA 2010), cites *Powell* for the following proposition:

> [A] lack of a formal offer to settle is a factor to be considered in determining whether the insurance company acted in bad faith. *See Powell v. Prudential Prop. & Cas. Ins. Co.,* 584 So.2d 12, 14 (Fla. 3d DCA 1991).

A "clear liability" condition precedent is a Kinsale straw man. Focusing on the one word "clear" in the full published *Powell* decision ignores the question presented and decided in *Powell*:

> The question presented is whether evidence that the claimant made no specific monetary demand, and subsequently rejected the insurer's tender of the policy limits, entitle the insurer to a judgment as a matter of law without consideration of other circumstances. *We hold that those facts are only two of a number of circumstances to be weighed by the fact-finder, and reverse.* [584 So.2d at 13; e.s.].

One thing is clear. *Powell* is a totality of the circumstances case. Contrary to the trial court's interpretation, *Powell* did not create a "clear liability" bright line or checklist preemption or exemption from "totality of the circumstances" bad faith liability. A near century of Florida totality of the circumstances case law, including *Powell*, provides the precedent necessary for disposition of this appeal. *Powell* held it error to grant a directed verdict given the "number of circumstances to be weighed by the fact-finder," reversed and remanded for a trial by jury. *Id*.

4

In 1938, the Florida Supreme Court decided *Auto. Mut. Indemnity Co. v. Shaw*, 134 Fla. 815, 184 So. 852 (1938), anchoring Florida's bad faith extra-contractual liability law.  The Florida Supreme Court quotes several decisions from other jurisdictions with apparent approval:

> It is right of the insurer to exercise its own judgment upon the question of whether the claim should be settled or contested.  But because it has taken over this duty, . . . its exercise of this right should be accompanied by considerations of good faith. . . . *It should be the result of the weighing of probabilities in a fair and honest way.* . . . But, as already stated, such decision should be an honest and intelligent one. . . . *In order that it be honest and intelligent it must be based upon a knowledge of the facts and circumstances upon which liability is predicated, and upon a knowledge of the nature and extent of the injuries so far as they reasonably can be ascertained.*
>
> \* \* \*
>
> The prevailing rule seems to be, however, that *the insurer must act in good faith toward the assured in its effort to negotiate a settlement*.
>
> \* \* \*
>
> It appears that the insurance company in the settlement of claims and in conducting a defense before the court on suits filed should be held to that degree of care and diligence which a man of ordinary care and prudence should exercise in the management of his own business. [134 Fla. at 827-30, 184 So. at 857-9, e.s.].

*Shaw* says good faith "must be based upon a knowledge of the facts and circumstances upon which liability is predicated, and upon a knowledge of the nature

5

and extent of the injuries so far as they reasonably can be ascertained," — a totality of the circumstances analysis. *Shaw* says nothing about "clear liability" being a condition precedent to a finding of bad faith.

In 1969, the Fifth Circuit predecessor to this Court held:

> The first Florida decision involving the liability of an insurer for failure to settle within policy limits is *Automobile Mutual Indemnity Co. v. Shaw*, 1938, 134 Fla. 815, 184 So. 852. The Court held the insurer to 'that degree of care and diligence which a man of ordinary care and prudence should exercise in the management of his own business'. Yet at the same time the Court approved the 'prevailing rule * * * that the insurer must act in good faith toward the assured in its effort to negotiate a settlement'.

*Liberty Mutual Insurance Company v. Davis*, 412 F.2d 475, 478 (5th Cir. 1969).

In 1972, *Self v. Allstate Insurance Company*, 345 F.Supp. 191, 197 (M.D. Fla. 1972), concluded:

> This Court holds that Allstate had an affirmative duty to explore settlement possibilities and did not do so. It is, therefore, liable to the plaintiff in this case for the full amount of the liability imposed upon her, as a result of the Kilian trial.

In 1980, the Third District receded from the "*Beck* Rule" requirement for a policy limit demand. *General Accident Fire & Life Assurance Corporation, Ltd. v. American Casualty Company of Reading, Pa.*, 390 So.2d 761, 765-6 (Fla. 3d DCA 1980), says:

> Under the Beck rule, the primary carrier's bad faith failure to negotiate would be without remedy. *The court cannot countenance so great a disservice to other interested parties*. We therefore hold that an offer to settle within the primary carrier's policy limits is not a prerequisite to its [extra-contractual] liability. [e.s.].

Rescission of the *Beck* Rule eliminated the safe harbor for insurer inaction absent a demand. Settlement overtures evidence good faith. As of 1980, failure to explore settlement opportunities, when an insured's exposure is likely in excess of policy limits, is a circumstance to be considered in evaluating an insurer's bad faith.

In 1980, *Boston Old Colony Ins. Co. v. Gutierrez,* 386 So.2d 783, 785 (Fla. 1980), set forth the standard to be applied in Florida bad faith litigation:

> An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business. For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. This good faith duty obligates the insurer . . . to warn of the possibility of an excess judgment, . . . The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and *settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so*. [e.s., citations omitted throughout].

*Powell* was decided in 1991.

Decided in 2003, *Snowden ex rel. Estate of Snowden v. Lumberman's Mutual Casualty Company*, 358 F.Supp.2d 1125, 1127 (N.D. Fla. 2003), says:

> [A]lthough Florida courts once adhered to this rule, more recent cases show that they have relaxed the talismanic requirement of an offer to settle, imposing a "totality of the circumstances" test instead. *See, e.g., Thomas v. Western World Ins. Co.* 343 So.2d 1298, 1301–2 (Fla. 2d DCA 1997) (settlement offer not an "essential element" to excess liability); *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So.2d 12, 14 (Fla. App. 3d DCA 1991) ("The lack of a formal offer to settle does not preclude a finding of bad faith. Although an offer of settlement was once considered a necessary element of a duty to settle ... an offer to settle ... is merely one factor to be considered.") (citations omitted) [citations omitted].
>
> These later cases instruct that *the presence or lack of an offer to settle is merely one of many circumstances to consider in determining whether the insurance company adequately represented the interests of the insured*. [e.s.].

No Florida case makes "clear liability" a checklist condition precedent to a finding of bad faith. The 1980 elimination of the *Beck* Rule and the "totality of the circumstances" case law inform disposition of this appeal.

## CONCLUSION

The motion for certification should be denied.

By: s/ James C. Blecke
James C. Blecke

CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY compliance with type-volume limitations. This response is prepared in Word, Times New Roman 14 point type; and contains 380 lines of text and 2,318 words.

By s/ James C. Blecke
James C. Blecke

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ James C. Blecke
James C. Blecke
Counsel for Reed
The Haggard Law Firm
330 Alhambra Circle
Coral Gables, Florida 33134
Telephone (305) 446-5700
Facsimile (305) 446-1154
jcb@haggardlawfirm.com

<u>SERVICE LIST</u>

KINSALE INSURANCE COMPANY v. PRIDE OF ST. LUCIE, et al.
CASE NO. 22-12675-A

Fred A. Cunningham, Esq.
Matthew T. Christ, Esq.
Domnick Cunningham & Whalen
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Phone: (561) 625-6260
eservice@dcwlaw.com
fred@dcwlaw.com
mtc@dcwlaw.com
tlebel@dcwlaw.com
*Counsel for Defendant/Counter-Plaintiff, Pride of St. Lucie Lodge 1189, Inc.*

Stephen F. Rosenthal, Esq.
Podhurst Orseck, P.A.
One S.E. 3d Avenue Suite 2300
Miami, FL 33131
Phone (305) 358-2800
srosenthal@Podhurst.com
*Counsel for Defendant/Counter-Plaintiff, Pride of St. Lucie Lodge 1189, Inc.*

Sina Bahadoran, Esq.
Aaron Warren, Esq.
Clyde & Co US LLP
1221 Brickell Avenue Suite 1600
Miami, FL 33131
Phone: 305.446.2646
Sina.Bahadoran@clydeco.us
Aaron.Warren@clydeco.us
*Counsel for Plaintiff/Counter-Defendant, Kinsale Insurance Company*

Edward G. Guedes
Jeremy S. Rosner
Weiss Serota Helfman, et al., P.L.
2800 Ponce de Leon Blvd. Suite 1200
Coral Gables, Florida 33134
EGuedes@wsh-law.com
*Counsel for Plaintiff/Counter-Defendant, Kinsale Insurance Company*