IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 22-12675

PRIDE OF ST. LUCIE LODGE 1189, INC., et al.,

*Appellants*,

v.

KINSALE INSURANCE COMPANY,

*Appellee*.

**RESPONSE OF PRIDE OF ST. LUCIE LODGE 1189, INC. TO KINSALE INSURANCE COMPANY'S MOTION FOR CERTIFICATION OF QUESTION TO FLORIDA SUPREME COURT, ETC.**

Fred A. Cunningham
Florida Bar No. 775487
Matthew T. Christ
Florida Bar No. 119106
DOMNICK CUNNINGHAM
& WHALEN
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, Florida 33410
Tel.: 561-625-6260
fred@dcwlaw.com
mtc@dcwlaw.com

Stephen F. Rosenthal
Florida Bar No. 131458
Christina H. Martinez
Florida Bar No. 1029432
PODHURST ORSECK, P.A.
1 S.E. 3rd Avenue, Suite 2300
Miami, Florida 33130
Tel.: 305-358-2800
srosenthal@podhurst.com
cmartinez@podhurst.com

*Counsel for Appellant Pride of St. Lucie Lodge 1189, Inc.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. Rule 26.1-2(c), Appellant Pride of St. Lucie Lodge 1189, Inc. adds the following persons and entities which were omitted from the certificate in Kinsale insurance Company's motion:

1. Khutorsky, Gary

2. Litchfield Cavo LLP

3. Marlowe, Christopher

4. Martinez, Christina H.

Further, pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rules 26.1-1 through 26.1-3, the Lodge states that there is no subsidiary, parent corporation, or publicly held corporation that owns 10% or more of the stock of Pride of St. Lucie Lodge 1189, Inc.

                                                /s/     Stephen F. Rosenthal
                                                        Stephen F. Rosenthal
                                                        Fla. Bar No. 0131458

# RESPONSE

The Court should deny Kinsale Insurance Company's motion, predicated on a change of position after oral argument, for leave to file a motion requesting certification of questions to the Florida Supreme Court. More fundamentally, the Court should not exercise its discretion to certify because doing so would be superfluous to deciding this appeal, which can readily be resolved on another ground, and the issue is not one likely to recur with great frequency.

## I.   This Appeal Does Not Meet the Standard for Certification

There is no need for certification *in this appeal* because—whatever the definition of "clear" liability—this case contains a record with conflicting accounts of whether liability was clear or not, which should be enough to resolve the sole issue on appeal: whether the district court entered its summary judgment in error. That question can readily be resolved as a matter of black-letter *federal* law governing the faithful application of Rule 56 standards. Nothing more is necessary to the disposition of this appeal.

In other words, this appeal does not turn on the meaning of the word "clear" under Florida law. That state-law issue is not "dispositive" of the appeal, the standard this Court has used to govern certification decisions, as well as the standard necessary for the Supreme Court of Florida to entertain the question. *See In re NRP Lease Holdings, LLC*, 20 F.4th 746, 758 (11th Cir. 2021) (Lagoa, J.)

1

(certifying on "a dispositive state law issue"); *Somers v. United States*, 14 F.4th 1049, 1056 (11th Cir. 2021) (Marcus, J.) (certifying issue "that controls the resolution of [the] case") (citing *United States v. Conage*, 976 F.3d 1244, 1263 (11th Cir. 2020) (certifying "where an appeal 'depends on resolution of questions of unsettled Florida law'")); *Pruco Life Ins. Co. v. Wells Fargo Bank, N.A.*, 780 F.3d 1327, 1336 (11th Cir. 2015) (certifying questions "that are dispositive of the appeals"); *Anderson v. Auto-Owners Ins. Co.*, 172 F.3d 767, 770 (11th Cir. 1999) (certifying "unanswered question of state law that is determinative of this appeal"); *Blue Cross and Blue Shield of Ala., Inc. v. Nielsen*, 116 F.3d 1406, 1412 (11th Cir. 1997) (certifying because "the state law questions *must* be decided before we can dispose of that part of this appeal. So, the state law issues are *unavoidable*.") (emphasis added); Fla. Const. art. V, § 3(b)(6) (granting the Florida Supreme Court jurisdiction to review a certified question "which is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida") (cited in *Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1349 (11th Cir. 2019)).

Contrary to Kinsale's characterization, the "primar[]y dispute" in this appeal was never over the meaning of "clear." Motion at 1. That certainly was *not* the focus of the Appellants' briefing or argument. Our primary ground for reversal has always been that the district court "fail[ed] to comply with cardinal rules governing adjudication" under Rule 56—namely, the failure to credit the non-movant's

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346       www.podhurst.com

evidence. Lodge's Initial Br. at 18 (summary). The question of the proper definition of "clear" liability was the last issue in the opening brief. *Id*. at 39. The reply brief emphasized that the summary-judgment errors "require reversal *independent* of" the definition of clear liability. Lodge's Reply Br. at 14 (emphasis added). And Appellants opened oral argument by stating: "This case raises some interesting questions about Florida bad faith law, but I think that this Court can reverse the summary judgment below … without breaking any new ground, by simply applying garden-variety summary-judgment principles[.]" Oral Arg. Audio at 1:00-1:15.

It seems, at least from the comments of two members of the panel, that the Court agrees that the district court's opinion failed to give adequate assurance that it applied the summary-judgment standard properly. *Id*. at 8:16-22 (Judge Lagoa: "I may agree with you that Judge Moore did not give, um, may have given short shrift to the evidence presented by your client."); *id*. at 9:30-10:00 (Judge Jordan: "As I read the record, the Pride of St. Lucie Lodge presented a number of pieces of evidence indicating that this was a case of clear liability. And it looks to me like the district court didn't credit that testimony or read it in the light most favorable to the Lodge in applying Rule 56."); *id*. at 22:39-23:44, 43:08-11 (Judge Jordan describing "my problem" with the district court's handling of summary judgment).

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

While Judge Lagoa questioned whether, after a remand reversing the summary judgment, the legal question of the precise meaning of "clear" may arise at trial (*id*. at 8:30-46), that *possibility* is not a persuasive reason to certify a question of law that is unnecessary to reach in this appeal. There are a host of ways in which that legal issue may never complicate this case on remand. For one thing, any case can settle. If it doesn't, it's also possible that Kinsale's trial counsel could decide, based on the way the evidence comes in at trial, not to raise the issue on a motion for directed verdict, or in jury instructions. Or, perhaps the parties will agree to a compromise definition of "clear" for purposes of that jury instruction. If not, and assuming Kinsale were to raise the issue, the district court could well adopt the definition Kinsale proposes, which may be the one it proposed during oral argument. Oral Arg. Audio at 43:46-44:11. In any of these scenarios, the case could proceed without the need for definitive clarification from the Florida Supreme Court of what "clear" means under *Powell*. Even if this Court's certification jurisprudence allowed it under these circumstances, why burden the Florida Supreme Court with a legal question that is unnecessary to deciding this appeal and which may never arise again in this case?

Looking beyond this case, "the likelihood of the recurrence of the particular legal issue" is a comity consideration bearing on whether the Court should certify. *State of Fla. v. Exxon Corp.*, 526 F.2d 266, 275 n.29 (5th Cir. 1976). The question

Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

of the precise definition of "clear" liability for a *Powell* bad faith case is highly *unlikely* to recur due to the new legislative changes to Florida bad faith law, which took effect in March 2023, and which Kinsale flagged for the Court in a supplemental authority letter before oral argument.

The new law now immunizes insurance companies from bad faith liability if they tender to a claimant within ninety days of learning of a sufficiently supported claim.[1] This law will substantially reduce the number of *Powell* cases in the future because, even absent a demand, an insurer now has a three-month cure period in which to offer to pay the policy limits from the date it learns of a claim and of sufficient evidence that its insured is exposed to greater liability than the policy. That is a substantial window of time in which to operate.

Many cases that previously gave rise to *Powell* liability will no longer arise. In *Powell* itself, the insurer tendered the policy limits within 62 days after the accident. *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12, 13 (Fla. Dist. Ct. App. 1991). Take two of this Court's cases, in which *Powell* liability claims

---

[1] Section 624.155(4)(a), Florida Statutes (2023) now says:

> An action for bad faith involving a liability insurance claim, including any such action brought under the common law, shall not lie if the insurer tenders the lesser of the policy limits or the amount demanded by the claimant within 90 days after receiving actual notice of a claim which is accompanied by sufficient evidence to support the amount of the claim.

5

were upheld, by way of further example. In *Ilias*, the insurer offered the policy limits within 48 days after the accident. *Ilias v. USAA Gen. Indem. Co.*, 61 F.4th 1338, 1341-43, 1346 (11th Cir. 2023) (accident on July 29; tender on September 15). In *Bannon*, the insurer offered the policy limits just 20 days after learning of the claim. *Bannon v. GEICO Gen. Ins. Co.*, 743 F. App'x 311, 313 (11th Cir. 2018) (October 27 accident; November 22 tender). In future cases, such prompt tenders will cut-off any bad-faith liability.

Going forward, it will be the exceptional situation case where an insurer in Florida learns of the existence of a claim (through a letter of representation seeking insurance disclosures, but not making a demand) as well as evidence of the severity of injury that eclipses the policy limits (whether through medical records sent by the claimant's lawyer or its own investigation) and yet does not tender the policy within the next three months. It is reasonable to assume that insurers in Florida have integrated their newfound statutory immunity from bad faith claims into their claims-handling practices. Therefore, the legal question of the precise definition of "clear" liability under *Powell* is unlikely to "have broad effects on the citizens of Florida," *In re NRP Lease Holdings, LLC*, 20 F.4th at 757.

In summary, this case does not present an appropriate vehicle for certification of the issue of the precise meaning of "clear" liability to the Florida Supreme Court, and the Court should decline to do so.

Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

## II. Kinsale Waived the Right to Request Certification

Kinsale's motion should also be denied because it waived the opportunity to request certification. It never raised the issue in its brief, and when asked repeatedly, point blank, during oral argument whether it advocated certification, Kinsale eschewed it.

| | |
|---|---|
| Judge Marcus: | Let me ask you as a prefatory matter, do you think we should be certifying this question to the Florida Supreme Court and asking them to tell us what "clear" means? |
| Mr. Guedes: | Um, well, I suspect that the certified question wouldn't just be "tell us what 'clear' means." I think it would be a little more elaborated than that -- |
| Judge Marcus: | I understand, but I'm going to the heart of the reason that we might certify. |
| Mr. Guedes: | Well, I think -- |
| Judge Marcus: | It's not clear what it means to say "clear liability"? Is that a question we should be certifying? You didn't ask for it in your briefing -- |
| Mr. Guedes: | Correct. |
| Judge Marcus: | -- Mr. Rosenthal didn't either. Is it your view we should be sending this case to the Florida Supreme Court? |
| Mr. Guedes: | ***I think this Court can decide the case without certifying a question to the Florida Supreme Court***, based upon the *Welford* case. And in *Welford*, the district court . . . . struggled with this . . . very question of what does it mean, what is clear liability. . . . |

7

Oral Arg. Audio at 26:10-27:20 (emphasis added).

Sixteen minutes later, during Kinsale's extended argument time, Judge Marcus gave Kinsale another opportunity to embrace certification. Once again, Kinsale argued *against* it.

| | |
|---|---|
| Judge Marcus: | So let me come back to the question Judge Lagoa raised. |
| Mr. Guedes: | Should you certify? |
| Judge Marcus: | Yeah. Does this case merit certification to the Florida Supreme Court to tell us in context what clear liability means? |
| Mr. Guedes: | ***As your honor noted, neither party requested it.*** From our perspective, we think the district court in the *Ellis* decision used the correct determination . . . |

*Id*. at 43:29-43:55 (emphasis added). Kinsale elected to stand, instead, on its defense of the summary judgment based on the factual record.

Judge Lagoa again returned to the issue of certification, noting that depending how the Florida Supreme Court might answer a certified question, "then it doesn't matter what the facts are." *Id*. at 44:12-24. Kinsale's counsel remained unmoved for a third time. He said, neutrally, "I understand," refusing to advocate for certification. *Id*. at 44:36-37.

There is no question that Kinsale definitively opposed this Court's repeated invitations to advocate for certification. Counsel's responses to Judge Marcus's precise questions were unambiguous. They thus constituted a waiver of the

8

position Kinsale now advocates. *Allen v. Anbu-Stat, LLC*, 799 F. App'x 703, 710 (11th Cir. 2020) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). They were not an "express[ion of] at least initial reservation to certifying a question," as Kinsale tries to recast its position. Motion at 1. Let's recognize this situation for what it is: two weeks after an oral argument in which several members of the panel voiced concerns over the district court's rather obvious inadequate adjudication of a summary judgment, the defendant-appellee is opportunistically pivoting 180 degrees to urge a remedy it had eschewed, in an effort to at least delay a trial for the better part of another year.

This Court holds parties to the unambiguous positions they take before the Court. While the Court can certainly exercise its discretion to certify of its own accord, it would be highly unusual to do so where *both* parties have disavowed it. Our research has not uncovered a single instance in which this Court or its predecessor has done so. The Court should not chart new ground by indulging a belated motion that plainly contradicts a party's prior representations to the Court.

In sum, the Court should deny Kinsale's motion and decide this case on the narrow, federal-law ground it presents, thereby exercising appropriate "restraint" over the decision whether to certify a question of state law, *Royal Capital Devel., LLC v. Maryland Cas. Co.*, 659 F.3d 1050, 1055 (11th Cir. 2011).

DATED: December 26, 2023

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

Respectfully submitted,

/s/ *Stephen F. Rosenthal*

| | |
|---|---|
| Fred A. Cunningham | Stephen F. Rosenthal |
| Florida Bar No. 775487 | Florida Bar No. 131458 |
| Matthew T. Christ | Christina H. Martinez |
| Florida Bar No. 119106 | Florida Bar No. 1029432 |
| DOMNICK CUNNINGHAM | PODHURST ORSECK, P.A. |
| & WHALEN | 1 S.E. 3rd Avenue, Suite 2300 |
| 2401 PGA Boulevard, Suite 140 | Miami, Florida 33130 |
| Palm Beach Gardens, Florida 33410 | Tel.: 305-358-2800 |
| Tel.: 561-625-6260 | srosenthal@podhurst.com |
| fred@dcwlaw.com | cmartinez@podhurst.com |
| mtc@dcwlaw.com | |

*Counsel for Appellant Pride of St. Lucie Lodge 1189, Inc.*

10

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the type style utilized in this brief is 14-point Times New Roman proportionally spaced, and there are 2,223 words in this response.

/s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346    www.podhurst.com

# SERVICE LIST

Edward G. Guedes, Esq.
Jeremy S. Rosner, Esq.
Weiss Serota Helfman
Cole & Bierman, P.L.
2800 Ponce de Leon Blvd.
Suite 1200
Coral Gables, Florida 33134
EGuedes@wsh-law.com

Sina Bahadoran, Esq.
Daniel R. Lever, Esq
Aaron Warren, Esq.
Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Phone: 305.446.2646
Sina.Bahadoran@clydeco.us
Aaron.Warren@clydeco.us
Dan.Lever@clydeco.us

*Counsel for Appellee Kinsale Insurance Company*

Jim Blecke, Esq.
THE HAGGARD LAW FIRM
330 Alhambra Circle
Coral Gables, Florida 33134
T: 305.446.5700
D: 786.536.3348
JCB@haggardlawfirm.com
MAH@haggardlawfirm.com
AUrrutia@haggardlawfirm.com
APortell@haggardlawfirm.com

*Counsel for Appellant Teaira Nicole Reed*

**Podhurst Orseck, P.A.**
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Ft Lauderdale 954.463.4346       www.podhurst.com